IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL WILSON                                                    PLAINTIFF

vs.              Civil Case No. 3:08CV00071 HLJ

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                    DEFENDANT

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He seeks compensation for 14.10 hours of work performed by his attorney before the District Court in 2008-2009 at the rate of $175.00 per hour and 4.90 hours of work by a paralegal at the rate of $75.00 per hour. He also seeks reimbursement for expenses in the amount of $16.14. The Commissioner does not object to the number of hours, the hourly rates submitted by Plaintiff, or the requested expenses.

The maximum statutory rate of compensation for work performed by an attorney set forth in § 2412(d)(2)(A)(ii) is $125.00. The increased rate requested by Plaintiff reflects an agreement between Plaintiff's counsel and the Office of the General Counsel of the Social Security Administration to calculate attorneys' fees on an annualized basis, using the Consumer Price Index for All Urban Consumers (CPI-U). Plaintiff's Memorandum in Support of Motion for an Award of Attorney's Fees Under the Provisions of the Equal Access

to Justice Act (DE #16), Plaintiff's Exhibit A.  The court will grant the request for fees based on this agreed-upon rate.

Normally the court awards $65.00 per hour for work performed by a paralegal.  Plaintiff argues the hourly fee for a paralegal should be $75.00 per hour based on the prevailing market rate, and he has submitted supporting affidavits.  See Richlin Security Services Co. v. Chertoff, Secretary of Homeland Security, 128 S.Ct. 2007, 2019, 170 L.Ed.2d 960 (2008) (holding that a "prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates").  The Secretary does not object to this request and the court assumes this increased rate is also part of the agreement between Plaintiff's counsel and the Office of the General Counsel.

Accordingly, the court approves an award of fees in the amount of $2835.00 and expenses in the amount of $16.14, to be paid to Plaintiff's attorney.  See Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008)(holding attorney's fees under EAJA are awarded to the prevailing parties' attorneys, and the Fourth Amendment prohibits the Government's withholding the fees to cover the parties' debts), cert. granted, 130 S.Ct. 48 (2009).

IT IS THEREFORE ORDERED that Plaintiff is awarded attorney's fees and expenses in the amount of $2851.14, pursuant to EAJA.  The

Commissioner is directed to certify said award and to pay Plaintiff's attorney this amount.

SO ORDERED this 16th day of March, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge